Dear Representative Dixon:
You advise this office that you contemplate providing services as a compensated representative in social security matters. Specifically, you state that you would be appointed by a claimant to assist him in doing business with the federal Social Security Administration in connection with his claim(s) for retirement, survivor benefits, and disability insurance benefits.
You also state that in all cases you would be compensated by direct payment from the Social Security Administration. This compensation would be paid in accordance with the contractual agreement between you and the claimant, and would come from benefits awarded to the claimant. You ask if the provisions of the Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., would prohibit you from serving in such a representative capacity while at the same time holding elective office as a state representative. For the following reasons, more fully explained below, it is the opinion of this office that the statutes governing dual officeholding and dual employment law do not prohibit you from serving in both positions at the same time.
Of possible relevance here is La.R.S. 42:63(A)(1), which provides:
 A. (1) Except as otherwise provided in this Subsection, no person holding an elective office, appointive office, or employment in any of the branches of state government or of a political subdivision thereof shall at the same time hold another elective office, appointive office, or employment in the government of a foreign country, in the government of the United States, or in the government of another state. *Page 2 
In general, under La.R.S. 42:63(A)(1), an individual who holds employment or appointive office in the government of the United States is not permitted to simultaneously hold elective office in Louisiana state government. However, your service as a claimant's representative is neither an appointive office[1] nor employment[2] as those terms are defined by the dual officeholding provisions.
Rather, your position as a claimant's representative is contractual. This office has rendered numerous opinions that conclude the dual officeholding statutes have no application where an individual enters into a professional services contract, as such a contract is not considered to be a job compensated on a salary or per diem basis, and does not constitute employment within the dual officeholding definition.See La. Atty. Gen. Ops. 02-342, 96-359, 92-43, 90-578, and 80-413.
Finally, the opinion of this office is limited to an examination of the dual officeholding provisions. Questions concerning the Code of Governmental Ethics, La.R.S. 42:1111, et seq., should be directed to the Louisiana State Board of Ethics, P.O. Box 4368, Baton Rouge, LA, 70821, phone: 225-219-5600.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 42:62(2) provides:
(2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
[2] La.R.S. 42:62(3) provides:
(3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.